UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LUIS PEREZ,<br><br>    Petitioner,<br><br>    v.<br><br>ERIC HOLDER, et al.,<br><br>    Respondents. | Civil Action No. 13-10674-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                    April 8, 2013

For the reasons stated below, the Court denies the petition for a writ of habeas corpus.

Petitioner Luis Perez, an immigration detainee who is currently confined at the Plymouth County Correctional Facility, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paid the $5.00 filing fee. The petitioner states that he has been in the custody of the United States Immigration and Customs Enforcement since September 13, 2012. He represents that he filed a claim under the Convention Against Torture but was nonetheless ordered removed on January 16, 2013 to Venezuela. According to the petition, he subsequently filed an appeal with the Board of Immigration Appeals ("BIA"), which is still pending. He states that his removal order is not final. He asks for release under Zadvydas v. Davis, 533 U.S. 678 (2001).

A district court is not obligated to require a respondent to answer a habeas petition if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]." 28 U.S.C. § 2243 para 1. In this case, the petitioner has not presented a valid ground for a writ of habeas corpus.

Section 1231 of Title 8 provides that the Attorney General shall remove aliens who have been ordered removed within ninety days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). The removal period begins upon the latest of the following:

  (i)  The date the order of removal becomes administratively final.

  (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

  (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Where an appeal is pending with the BIA, the removal order is not final.  See 8 C.F.R. § 1241.1(a).

  Under 8 U.S.C. § 1231(a)(6), certain classes of aliens may be detained beyond the ninety-day removal period.  See 8 U.S.C. § 1231(a)(6).  While § 1231(a)(6) does not explicitly limit the time period during which the Attorney General may detain an alien, in Zadvydas v. Davis, the Supreme Court held that due process considerations mandate that detention under § 1231(a)(6) be limited "to a period reasonably necessary to bring about that alien's removal from the United States."  Zadvydas, 533 U.S. at 689.  For the sake of uniformity, the Court adopted a six-month period as the presumptively reasonable time period for accomplishing removal.  See id. at 701.  After this six-month period, detention of the alien is no longer permissible if there is "no significant likelihood of removal in the reasonably foreseeable future."  Id.

  Here, relief under Zadvydas is not available because the petitioner represents that his removal order is not final.  While he does state that he has been in immigration custody for more than six months and that his removal is not reasonably foreseeable, the due process concerns addressed in Zadvydas are not triggered where a removal order is not final.[1]

  Therefore, the Court denies the petition without prejudice.  The Clerk shall dismiss this action.

---

[1] Further, the petitioner's removal proceedings are not so prolonged such that his detention during his appeal to the BIA would violate his right to due process.  See, c.f., Ly v. Hansen, 351 F.3d 263, 273 (6th Cir. 2003) (where removal proceedings were pending and removal was not reasonably foreseeable, detention of 500 days violated due process rights; grant of petition for writ of habeas corpus affirmed); Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 471-73 (D. Mass. 2010) (detention of 22 months during removal proceedings was unreasonable; petitioner entitled to bail hearing).

**So ordered.**

                                                     /s/ Denise J. Casper
                                                   United States District Judge